Justine T. Koehle, WSBA #52871
Walker Heye, PLLC
1333 Columbia Park Trail, #220
Richland, WA 99352
Telephone: (509) 735-4444
Facsimile: (509) 735-7140
jkoehle@walkerheye.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Cause No. 24-01591-WLH13 |
| TOBY J. RIPPLINGER and KRISTINA L. RIPPLINGER, | |
| Debtors. | |
| H3PUC, PLLC, | Adv. Proc. No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR EXCEPTION AND OBJECTION TO DISCHARGE |
| TOBY J. RIPPLINGER and KRISTINA L. RIPPLINGER, | |
| Defendants. | |

COMES NOW Plaintiff, H3PUC, PLLC, by and through its attorneys, Walker Heye, PLLC, and alleges the following causes of action against Defendants, TOBY J. RIPPLINGER and KRISTINA L. RIPPLINGER.

//

//

COMPLAINT FOR EXCEPTION AND OBJECTION TO DISCHARGE - 1

## I. PARTIES

1.1 Plaintiff H3PUC, PLLC (hereinafter "H3PUC") is a Washington professional limited liability company transacting business in Benton County, Washington.

1.2 Defendants Kristina Lee Ripplinger (hereinafter "Kristina") and Toby Joseph Ripplinger (hereinafter "Toby") are husband and wife residing in Benton County, Washington.

## II. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over H3PUC's claims against Kristina and Toby, as set forth below, pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2.2 This matter is a core proceeding pursuant to 28 U.S.C. C 157(b)(2)(I), (J), and (L) and therefore this Court has jurisdiction to enter a final order. In the event this case is determined to be a non-core proceeding, H3PUC consents to entry of final order by this Court.

2.3 This Adversary proceeding is a case under 28 U.S.C. § 523 *et seq.*, and therefore this Court has original and exclusive jurisdiction pursuant to 28 U.S.C. § 1334(a).

2.4 Venue in the Eastern District of Washington is proper pursuant to 28 U.S.C. § 1409(a).

2.5 This Adversary proceeding relates to *In re Toby J. and Kristina L. Ripplinger*, Cause No. 24-01591-WLH13 (hereinafter the "Bankruptcy Case").

## III. FACTS

3.1 Kristina was an employee of H3PUC from April 16, 2018 to April 11, 2023.

3.2 In her capacity as an employee of H3PUC, Kristina was responsible for the day-to-day management of H3PUC, including depositing funds received from customers into the company bank account and reconciliation of customer payments in the company's practice management software.

3.3 From approximately May 2018 through April 2023, Kristina stole funds belonging to H3PUC for her personal use and deposited the same into her joint banking account with Toby.

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 2

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

24-80034-WLH    Doc 1    Filed 11/12/24    Entered 11/12/24 17:06:46    Pg 2 of 8

3.4  In an effort to conceal her theft, Kristina manipulated entries in H3PUC's practice management software without the consent of H3PUC or H3PUC's owner.

3.5  In March 2023, H3PUC hired an accountant to perform an accounting and review of H3PUC's records.

3.6  In April 2023, H3PUC discovered the discrepancy between the amounts of cash reported received from clients for payment on H3PUC accounts and the cash deposits shown on H3PUC's bank account statements.

3.7  After reviewing H3PUC's business records, it was discovered that Kristina took a total of at least $563,430.68 from H3PUC without permission.

3.8  All of Kristina's acts complained of herein were done on behalf of her marital community with Toby.

3.9  Toby actively participated in converting H3PUC's funds by spending the same on his personal use and for the benefit of his marital community with Kristina.

3.10  After an investigation, on April 11, 2023 the Kennewick Police Department arrested Kristina on suspicion of theft.

3.11  On April 11, 2023, the Kennewick Police Department questioned Kristina regarding the missing funds and Kristina admitted to taking cash from H3PUC's deposits for her own personal use. Attached hereto as **Exhibit A** is a true and correct copy of the Probable Cause Affidavit for Kristina's arrest.

3.12  The Benton County Prosecutor charged Kristina with First Degree Theft, RCW 9A.56.030(1)(a) and RCW 9A.56.020(1)(a), with aggravating circumstance allegation – position of trust, RCW 9.94A.565(3)(n), and aggravating circumstance allegation – major economic offense, RCW 9.94A.535(3)(d). Attached hereto as **Exhibit B** is a true and correct copy of an Information Sheet detailing Kristina's criminal charges.

3.13  Kristina's criminal theft case is filed under Benton County Superior Court Cause No. 23-1-00363-03 (the "Criminal Case").

3.14  The Criminal Case is still pending as of November 12, 2024.

3.15  On June 1, 2023, H3PUC filed a civil suit against Kristina and Toby for conversion. The civil suit is filed under Benton County Superior Court Cause No. 23-2-

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 3

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

24-80034-WLH    Doc 1    Filed 11/12/24    Entered 11/12/24 17:06:46    Pg 3 of 8

01035-03 (the "Civil Case"). A true and correct copy of the Complaint is attached hereto as **Exhibit C**.

3.16   Kristina and Toby appeared and answered in the Civil Case; however, Kristina and Toby did not seek a stay of proceedings during the pendency of the Criminal Case at that time.

3.17   On June 14, 2024, the Benton County Superior Court entered an Order Granting [H3PUC's] Motion to Strike Defendants' Answer and Defendants' Amended Answer and For Entry of Default. A true and correct copy of the Order is attached hereto as **Exhibit D**.

3.18   On June 25, 2024, the Benton County Superior Court entered an Order for Entry of Default Judgment. A true and correct copy of the Order is attached hereto as **Exhibit E**.

3.19   On June 25, 2025, the Benton County Superior Court entered a Default Judgment against Kristina and Toby. A true and correct copy of the Default Judgment is attached hereto as **Exhibit F**.

3.20   On October 2, 2024, Kristina and Toby filed the Bankruptcy Case.

3.21   In their Voluntary Petition [ECF No. 1], Toby and Kristina listed H3PUC as a creditor with a claim amount of $569,462.50.

3.22   On November 4, 2024, H3PUC filed its claim in the Bankruptcy Case [Claim No. 5] in the amount of $569,462.50.

3.23   On October 2, 2024, Kristina and Toby filed their Chapter 13 Plan [ECF No. 3] (hereinafter the "Plan").

3.24   Under the Plan, Kristina and Toby propose to pay a sum that is less than the full amount due and owing on H3PUC's claim which would result in a discharge of any unpaid balance on the claim at the conclusion of the Plan.

### IV.   FIRST CLAIM FOR RELIEF
11 U.S.C. § 523(a)(2)(A) – False Representations

4.1   H3PUC incorporates Paragraphs 1.1 through 3.24 herein.

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 4

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

24-80034-WLH    Doc 1    Filed 11/12/24    Entered 11/12/24 17:06:46    Pg 4 of 8

4.2  Kristina made materially false representations to H3PUC when she manipulated entries in H3PUC's practice management software to conceal her theft of H3PUC's funds.

4.3  Kristina knew at the time she made the representations to H3PUC that the representations were false.

4.4  Kristina made the false representations to H3PUC with the intention and purpose of deceiving H3PUC.

4.5  H3PUC justifiably relied upon Kristina's representations.

4.6  As a direct and proximate result of Kristina's false representations, Kristina and Toby obtained money and property from H3PUC without H3PUC's consent.

4.7  As a direct and proximate result of Kristina's false representations, H3PUC sustained loss and damage in the amount of $569,462.50.

4.8  Kristina and Toby should be denied discharge of H3PUC's claim pursuant to 11 U.S.C. § 523(a)(2)(A).

## V.  SECOND CLAIM FOR RELIEF

11 U.S.C. § 523(a)(2)(A) – Actual Fraud

5.1  H3PUC incorporates Paragraphs 1.1 through 4.8 herein.

5.2  Kristina committed actual fraud when she manipulated entries in H3PUC's practice management software to conceal her theft of H3PUC's funds.

5.3  Kristina committed actual fraud when she stole funds from H3PUC without H3PUC's consent.

5.4  As a direct and proximate result of Kristina's actual fraud, Kristina and Toby obtained money and property from H3PUC without H3PUC's consent.

5.5  As a direct and proximate result of Kristina's actual fraud, H3PUC sustained loss and damage in the amount of $569,462.50.

5.6  Kristina and Toby should be denied discharge of H3PUC's claim pursuant to 11 U.S.C. § 523(a)(2)(A).

## VI.  THIRD CLAIM FOR RELIEF

11 U.S.C. § 523(a)(4) – Embezzlement

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 5

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

6.1     H3PUC incorporates Paragraphs 1.1 through 5.6 herein.

6.2     As an employee of H3PUC, Kristina's duties included depositing funds received from customers into the company bank account.

6.3     At the time she accepted payments from customers, Kristina was rightfully in possession of H3PUC's funds and entrusted with depositing the same into H3PUC's bank account.

6.4     Kristina wrongfully and willfully took the funds she accepted on H3PUC's behalf and misappropriated them for her own personal use.

6.5     Kristina wrongfully and willfully took the funds she accepted on H3PUC's behalf and misappropriated them for the benefit of her marital community.

6.6     Kristina misappropriated funds she accepted on H3PUC's behalf by depositing the funds into her joint banking account with Toby.

6.7     Kristina misappropriated funds she accepted on H3PUC's behalf by spending the funds for her personal use and for the benefit of her marital community.

6.8     Toby misappropriated the funds Kristina misappropriated from H3PUC by spending the same for his personal benefit and for the benefit of his martial community with Kristina.

6.9     Kristina concealed her embezzlement of H3PUC's funds by manipulating entries in H3PUC's practice management software.

6.10    As a direct and proximate result of Kristina's embezzlement, H3PUC sustained loss and damage in the amount of $569,462.50.

6.11    Kristina and Toby should be denied discharge of H3PUC's claim pursuant to 11 U.S.C. § 523(a)(4).

## VII.    FOURTH CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(4) – Larceny

7.1     H3PUC incorporates Paragraphs 1.1 through 6.11 herein.

7.2     Kristina wrongfully and fraudulently took and carried away the property of H3PUC without H3PUC's consent.

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 6

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

7.3    Kristina took H3PUC's property with the intent to convert it to her and Toby's personal use.

7.4    As a direct and proximate result of Kristina and Toby's larceny, H3PUC sustained loss and damage in the amount of $569,462.50.

7.5    Kristina and Toby should be denied discharge of H3PUC's claim pursuant to 11 U.S.C. § 523(a)(4).

## VIII.    FIFTH CLAIM FOR RELIEF

11 U.S.C. § 523(a)(6) – Willful and Malicious Injury

8.1    H3PUC incorporates Paragraphs 1.1 through 7.5 herein.

8.2    Kristina's theft of funds from H3PUC was a willful and malicious injury to H3PUC.

8.3    As a direct and proximate result of Kristina's willful and malicious injury to H3PUC, Kristina and Toby obtained funds from H3PUC without H3PUC's consent.

8.4    As a direct and proximate result of Kristina's willful and malicious injury to H3PUC, H3PUC was damaged in the amount of $569,462.50.

8.5    Kristina and Toby should be denied discharge of H3PUC's claim pursuant to 11 U.S.C. § 523(a)(6).

## IX.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff H3PUC, PLLC requests relief as follows:

A.    For an order declaring H3PUC, PLLC's debt as non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6);

B.    For an order denying discharge of Toby Ripplinger and Kristina Rippliner pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

C.    For an award of attorney's fees, costs, and interest to the full extent allowed by statute and equity; and

D.    For such other relief as the Court finds just and appropriate.

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 7

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P:  509.735.4444
F:  509.736.1180

24-80034-WLH    Doc 1    Filed 11/12/24    Entered 11/12/24 17:06:46    Pg 30 of 90

DATED this 12th day of November, 2024.

        WALKER HEYE, PLLC
        Attorneys for Plaintiff

        _____
        JUSTINE T. KOEHLE, WSBA #52871
        1333 Columbia Park Trail, Ste 220
        Richland, WA 99352
        P: (509) 735-4444
        E-mail: *jkoehle@walkerheye.com*

COMPLAINT FOR EXCEPTION AND
OBJECTION TO DISCHARGE - 8

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

24-80034-WLH    Doc 1    Filed 11/12/24    Entered 11/12/24 17:06:46    Pg 8 of 8